**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO. RDB-26-00359** |
| | * | |
| **LAYNE LUNDEEN,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

*******

**CONSENT MOTION TO EXCLUDE TIME**
**PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America, by and through its undersigned counsel, respectfully submits this Consent Motion to Exclude Time Pursuant to the Speedy Trial Act ("STA") and moves to exclude time from the speedy trial calculation in accordance with 18 U.S.C. § 3161(h).

1. On October 8, 2026, a federal Grand Jury for the District of Maryland, upon a finding of probable cause, returned a two-count indictment charging the Defendant, Layne Lundeen (hereinafter, "Defendant") with one count of Interference with Interference with Flight Crew Members and Attendants, in violation of 49 U.S.C. § 46504, and one count of Assault by Striking, Beating, and Wounding, in violation of 18 U.S.C. § 113(a)(4). ECF 1. After the indictment was filed, the Honorable Charles D. Austin, United States Magistrate Judge in the District of Maryland, signed an arrest warrant for the Defendant on the aforementioned charges and granted the Government's Motion to Seal the Indictment. ECF 2 (Government Mot. Seal Indictment); ECF 3 (Sealing Order); ECF 4 (Arrest Warrant). On October 13, 2026, the Defendant was arrested and had his initial appearance and arraignment before the Honorable Erin Aslan, United States Magistrate Judge in the District of Maryland, at which time, Judge Aslan granted the Government's Motion to Unseal the indictment and case docket, and by agreement of the

parties, signed an order setting conditions of release for the Defendant. ECF 7 (Unsealing Order); ECF 8 (Initial Appearance); ECF 9 (Arraignment); ECF 10 (Release Order).

2. The Government has started the process of preparing all (or nearly all) discovery to produce to defense for review. At this time, the parties believe that tolling speedy trial time for thirty (30) days, from **October 15, 2026**, **through and including November 14, 2026**, would be beneficial to permit the Government time to produce discovery to defense, and for defense to have ample time to review the discovery, as doing so would serve the ends of justice.

3. "The Speedy Trial Act requires that a criminal defendant's trial 'commence within seventy days from the filing date of the indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.'" *United States v. Pair*, 84 F.4th 577, 582 (4th Cir. 2023) (quoting 18 U.S.C. § 3161(c)(1)) (alterations omitted). However, the STA "recognizes that criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497, (2006). "To allow for such flexibility, the Act specifies various periods of delay that are excluded from the speedy trial clock." *Pair*, 84 F.4th at 582 (citing 18 U.S.C. § 3161(h)); *see also* 18 U.S.C. § 3164(b) ("The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation."). "Some periods of delay are automatically excludable (and thus may be excluded without district court findings), while others are 'excludable only if the district court makes certain findings enumerated in the statute.'" *United States v. Henry*, No. CR JKB-23-0466, 2024 WL 2701637, at *1 (D. Md. May 24, 2024) (quoting *Bloate v. United States*, 559 U.S. 196, 203 (2010)).

4. In this case, the excludable delay sought falls under 18 U.S.C. § 3161(h)(7)(A), which governs "end-of-justice continuances." Section 3161(h)(7)(A) specifically excludes from the speedy trial time requirements "any period of delay resulting from a continuance granted . . .

at the request of the defendant or his counsel or at the request of the attorney or the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.*; *see Pair*, 84 F.4th at 583 ("Section 3161(h)(7)(A) excludes continuances granted by the district court when it determines that 'the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.' The provision requires the court to 'set forth, in the record of the case, either orally or in writing, its reasons' for granting the continuance.") (quoting 18 U.S.C § 3161(h)(7)(A)) (alterations omitted). "The statute lists several factors that judges must consider in determining whether to grant an ends-of-justice continuance, including . . . '*whether counsel need additional time to prepare effectively*.'" *Pair*, 84 F.4th at 583(quoting *United States v. Henry*, 538 F.3d 300, 303–04 (4th Cir. 2008)) (emphasis added); *see also* 18 U.S.C § 3161(h)(7)(B)(iv) (The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph . . . [include] [w]hether the failure to grant such a continuance in a case would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.").

5. Here, the Government respectfully requests that the period from **October 15, 2026, through and including November 14, 2026**, be excluded from computation under the STA. Such an exclusion serves the ends of justice and outweighs the interests of the public and the Defendant in a speedy trial because the exclusion would permit additional time for the Government to produce discovery to defense and for the Defendant to review discovery with Counsel.

6. Counsel for the Defendant consents to the requested exclusion of time.

7. A proposed Order for the Court's consideration is attached.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: Digitally signed by TYLER PITTINGER
Date: 2026.10.15 16:08:05 -04'00'

Tyler C. Pittinger
Assistant United States Attorney